UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY ALTON PARKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00256-LJM-MJD ) |
| BUREAU OF PRISONS HEALTH SERVICES DIVISION, | ) ) ) ) |
| Defendant. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Terry Parker, an inmate at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), brings this action alleging that he has received inadequate medical care for his heart condition and associated pain.

**I. Screening of the Complaint**

Because Parker is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal

pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Parker alleges that he received inadequate medical care for his heart condition while he was housed at the Marion Federal Prison Camp in Marion, Illinois ("Marion"), and since he has been transferred to the FCI Terre Haute. He names as defendants the Bureau of Prisons Health Services Division, et al. He states this case is brought under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act.

Based on the screening standard set forth above, Parker's claims shall proceed as follows: Parker's claim that he has received inadequate medical care for his heart condition and his pain while he has been confined at the FCI Terre Haute **shall proceed.** The only individual Parker identifies who was responsible for this treatment is Dr. Trueblood. Accordingly, this claim shall proceed pursuant to *Bivens* against Dr. Trueblood as a claim of deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

Any claim against prison officials or medical personnel at Marion is **severed** from the claims in this case. This is because joinder of defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Claims based on care received at Marion would involve different defendants and different care than the care Parker received at the FCI in Terre Haute. Accordingly, any claim based on care received at Marion is

**dismissed without prejudice**. If Parker wishes to pursue those claims, he must pursue them in a separate lawsuit in the appropriate court.

Any claim pursuant to the Federal Tort Claims Act must be **dismissed**. The only proper defendant in an action pursuant to the FTCA is the United States itself, *see Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue").

Any request for release from confinement must be **dismissed**. A writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims.").

## II. Further Proceedings

In summary, Parker's claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment **shall proceed** against Dr. Trueblood. **Dr. Trueblood shall be substituted for Bureau of Prisons Health Services Division as the defendant**. All other claims are **dismissed**. If Parker believes he has asserted a claim that has not been addressed in this Entry, he shall have **through September 19, 2017**, to notify the Court.

The **clerk is directed** to issue a single summons to Dr. Trueblood, the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to *Fed. R. Civ. P.* 4(i)(1). The Marshal for this District or his

Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendant at the expense of the United States.

**IT IS SO ORDERED.**

Date: __8/22/2017__

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Terry Alton Parker
15381-045
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808

United States Marshal