UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| TERRY ALTON PARKER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00256-WTL-MJD |
| | ) |
| DR. TRUEBLOOD, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion to Amend, Severing Misjoined Claim,
and Directing Further Proceedings**

Terry Parker, an inmate at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), brought this action alleging that he has received inadequate medical care for his heart condition and associated pain. His complaint was screened in the Entry of August 22, 2017. The defendants answered and filed a motion for summary judgment. Parker then filed a motion to amend on November 22, 2017. The motion to amend, Dkt. No. 29, is **granted**.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Claims that Shall Proceed

Parker's claims in his Amended Complaint are also apparently based on his contention that he has received inadequate care for his heart condition and associated pain. He alleges that defendant McCoy refused to provide him with care for his condition and failed to ensure that the facility had adequate medical staff to meet the needs of the inmates. He further alleges that Doctors Trueblood and Wilson failed to treat his heart condition and chest pain. In addition, he alleges that Nurse Practitioner Blila also failed to treat his condition. Finally, he alleges that Physical Therapist Matchett has failed to treat his injured foot.

Parker names as a defendant Andrew Rupska, but does not state any actions on his part in the body of the complaint. Accordingly, any claims against Rupska are **dismissed**. *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (A defendant can only be liable for the actions or omissions in which he personally participated.).

Parker requests that his claims proceed under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Administrative Procedures Act, or the Federal Tort Claims Act ("FTCA"). Based on Parker's assertions and this request, his claims **shall proceed** under *Bivens* and under the FTCA. He has stated no claim under the Administrative Procedures Act because he has not alleged that the acts at issue were the result of actions on the part of the BOP itself. *See* 5 U.S.C. § 702. The *Bivens* claims shall proceed against the individual defendants in their

individual capacities only. The **clerk shall add** defendants McCoy, Roger Cox, Nurse Practitioner Blila, and Dr. Andrew Wilson as defendants. Because the United States is the only proper defendant in an FTCA case, the United States **shall be added** as a defendant. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982).

### III. Misjoined Claim

The claim that Physical Therapist Matchett failed to treat Parker's injured foot cannot proceed with the other claims in this action. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint. Therefore, the claim against Physical Therapist Matchett is **severed from the original complaint** and a new civil action from the Terre Haute Division shall be opened, consistent with the following:

- a. Terry Parker shall be the plaintiff in the newly opened actions.
- b. The Nature of Suit in the newly opened action shall be 555.
- c. The Cause of Action of the newly opened action shall be 28:1331.
- d. The amended complaint in this action (Dkt. No. 29 and attachments) shall be filed and re-docketed as the complaint in the newly opened actions.
- e. A copy of this Entry shall be docketed in the newly opened action.

f. This action and the newly-opened action shall be shown with each other as linked actions.

g. The defendant in the newly opened action shall be Physical Therapist Matchett.

i. The assignment of judicial officers shall be by random draw.

### VI. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VII. Service of Process

Defendant Trueblood has already appeared and answered. She shall have **sixty days** to file an answer to the Amended Complaint. Her motion for summary judgment, Dkt. No. 24, is **denied for the present** as moot because of the filing of the Amended Complaint. The defendant may re-file the motion for summary judgment if and when it is appropriate to do so.

The **clerk shall** issue process to defendants McCoy, Cox, Wilson, Blila, and the United States of America. Process shall consist of a summons. The Marshal for this District or his deputy shall **serve** the summons, the amended complaint, Dkt. No. 29, the attachments thereto, and a copy of this Entry on the officials entitled to notice pursuant to Rule 4(i) of the *Federal Rules of Civil Procedure*. This shall be done at the expense of the United States.

**IT IS SO ORDERED.**

Date: 12/15/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY ALTON PARKER
15381045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov